IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET LAVINSKEY,             :

    Plaintiff,              :

vs.                              :     CA 07-0700-C

MICHAEL J. ASTRUE,              :
Commissioner of Social Security,
                                 :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 16 & 17 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the

Commissioner's proposed report and recommendation, and the parties' arguments at the March 25, 2008 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to chronic pain syndrome, bilateral sciatica, chronic back pain with decreased range of motion of the lumbar spine, left shoulder pain, osteoarthritis of the knees, depression, and anxiety. The Administrative Law Judge (ALJ) made the following relevant findings:

> **2. The claimant has the following medically determinable impairments: back pain and depression (20 CFR 416.920(c)).**
>
> **3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921).**
>
> . . .
>
> **4. The claimant has not been under a disability, as defined in the Social Security Act, since April 4, 2005 (20 CFR 416.92(c)), the date the application was filed.**

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (Docs. 16 & 17 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

(Tr. 28 & 33)  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

This Court must determine whether the Commissioner's decision to deny claimant benefits on the basis that she did not have a severe mental or physical impairment for twelve consecutive months is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The Commissioner's severity regulation requires the claimant to make a threshold showing that she has an impairment which significantly limits her physical or mental ability to perform basic work activities.  20 C.F.R. §§ 416.920(c), 416.921(a) (1998); *Bowen v. Yuckert,* 482 U.S. 137, 147 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987); *Jones v. Apfel*, 190 F.3d 1224,

1228 (11th Cir. 1999) ("At the second step, [the claimant] must prove that she has a severe impairment or combination of impairments."), *cert. denied*, 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000). Basic work activities include functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). An impairment can be considered not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984); *see Yuckert, supra*, 482 U.S. at 153, 107 S.Ct. at 2297 ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education and experience were taken into account").[2]

---

[2]    It is clear that in *Yuckert,* the Supreme Court did not impose a standard higher than the *de minimis* standard set out in *Brady*. *See Stratton v. Bowen*, 827 F.2d 1447, 1451 n.7, 1452 n.9, 1452-1453 (11th Cir. 1987).

> Inherent in a finding of a medically not severe impairment or combination of impairments is the conclusion that the individual's ability to engage in SGA [substantial gainful activity] is not seriously affected. Before this conclusion can be reached, however, an evaluation of the effects of the impairment(s) on the person's ability to do basic work activities must be made. A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and the informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of the function is inherent in the medical process itself.

SSR 85-28. The claimant's burden at step two of the sequential evaluation process is mild. *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected."). A claimant need only show that "her impairment is not so slight and its effect is not so minimal." *Id.*

The Court finds that plaintiff has established that her degenerative disc disease of the cervical, thoracic and lumbar spines, and accompanying chronic pain, is a severe impairment.[3] An x-ray report dated April 24, 2003 reflects

---

[3] In addition, there is evidence of osteoarthritis of the knees and obesity. (Tr. 267 & 290) Certainly, it is not uncommon for such impairments to be found to be severe, *see, e.g., Lawson v. Astrue*, 2008 WL 681097, *1 (M.D. Fla. 2008) (osteoarthritis of the knees found by ALJ to be a severe impairment); *Randolph v. Astrue*, 2008 WL 466397, *1 (N.D. Fla. 2008) (ALJ found bilateral osteoarthritis of the knees); *Gomez v. Commissioner of Social Security*, 2008 WL 384399, *1 (M.D. Fla. 2008) (plaintiff's severe impairments included obesity and osteoarthritis); *Nigro v. Astrue*, 2008 WL 360654, *2 (M.D. Fla. 2008) (ALJ found numerous severe impairments, including obesity); *Judkins v. Astrue*, 2007 WL 1857186, *1 (M.D. Ala.

degenerative changes of plaintiff's lumbar, thoracic and cervical spines. (Tr. 241) An examination of plaintiff by a physician at Grand Bay Medical Center on April 18, 2005, revealed findings of muscle spasm of the back and decreased range of motion of the back secondary to pain. (Tr. 182) On July 20, 2005, plaintiff was examined by Dr. Eyston Hunte, a consultative examiner; tenderness was detected in the post-cervical spine and left shoulder area, the bilateral sciatic notch, and along the lower lumbar paraspinious area. (Tr. 263-266) The examination also reflects plaintiff's complaints of low back pain when squatting halfway to the floor (Tr. 265), on range of motion testing of the hip joints (Tr. 266), and on straight leg raising (*id*.).[4] Based upon this examination, Dr. Hunte's assessment was that plaintiff suffers from chronic pain syndrome, bilateral sciatica, chronic back pain with decreased range of motion of the lumbar spine, left shoulder pain, and osteoarthritis[5] of the knees.

---

2007) (ALJ found plaintiff had numerous severe impairments, including obesity and osteoarthritis of the right knee); *McNabb v. Barnhart*, 347 F.Supp.2d 1085, 1088 (M.D. Ala. 2003) (ALJ found plaintiff had several severe impairments, including knee osteoarthritis), yet the ALJ in this case makes no mention of these impairments, much less discusses whether, singly or in combination, they are severe impairments. This was error.

[4] In addition, crepitus was noted in both knees. (Tr. 266)

[5] Osteoarthritis is described as "noninflammatory degenerative joint disease occurring chiefly in older persons, characterized by degeneration of the articular cartilage, hypertrophy of bone at the margins, and changes in the synovial membrane. It is accompanied by pain and stiffness, particularly after prolonged activity." THE SLOANE-DORLAND ANNOTATED MEDICAL-LEGAL DICTIONARY, at 515 (1987).

A September 12, 2005 examination at the Grand Bay Medical Center reflects the examining physician's impression of chronic back pain (Tr. 286), as does a similar examination dated December 13, 2005 (Tr. 284-285). The December 2005 examination also reveals complaints of chronic knee pain exacerbated by movement. (Tr. 284) Examination of the right knee produced pain and plaintiff walked with an abnormal gait. (*See* Tr. 284) Moreover, a spasm was detected at the tip of the left thoracic area. (Tr. 284A) Plaintiff testified that she uses a cane for support because her back and knee can be extremely painful and that she spends six to seven hours in her recliner each day due to the pain. (Tr. 304-305; *see also* Tr. 306 (she sits most of the time))

Taking into account the foregoing evidence, the argument that substantial evidence supports the ALJ's determination that plaintiff did not suffer from a severe physical impairment for a continuous 12 month period is rejected. The evidence recited above clearly establishes that, at the very least, plaintiff has suffered (and will suffer) from the severe impairment of degenerative disc disease of the entire spine with concomitant chronic back pain. *Cf. Walker v. Astrue*, 2008 WL 516563, *1 (M.D. Fla. 2008) (degenerative disc disease of the lumbar spine found by ALJ to be a severe impairment); *Stevens v. Astrue*, 2008 WL 435177, *2 (M.D. Fla. 2008) (ALJ

found numerous severe impairments including **mild** degenerative disc disease); *Sears v. Astrue*, 2008 WL 60293, *2 (N.D. Fla. 2008) (one severe impairment found by the ALJ was **mild** degenerative joint disease of the lumbar spine); *Thompson v. Barnhart*, 493 F.Supp.2d 1206, 1210 (S.D. Ala. 2007) (severe impairments found by ALJ included lumbar degenerative disc disease and cervical degenerative disc disease).  The evidence of record, as recited above, establishes that this impairment does not constitute a slight or trivial impairment which has no more than minimal functional limitations on plaintiff's physical ability to perform basic work activities for a period of 12 continuous months. The issue at this step is not whether this impairment is disabling, *see* 42 U.S.C. § 423(d)(1) ("The term 'disability' means– inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"), but whether such impairment results in more than minimal functional limitations and restrictions on claimant's ability to engage in work-related activity; in this case, the clear answer is that plaintiff's degenerative disc disease and concomitant back pain constitute more than a trivial impairment and result in more than a minimal impact on her ability to

engage in work and work-like activity. The ALJ's determination that claimant did not have a severe impairment for 12 consecutive months is not supported by substantial evidence.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 27th day of March, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**